So Ordered.

Dated: March 5, 2024



/s/ Beth E. Hanan
Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

East Town Management, LLC,   Case No. 24-20856-beh

    Debtor in possession.   Chapter 11

**ORDER (1) SCHEDULING SECTION 1188(a) CONFERENCE;
(2) SETTING SECTION 1188(c) REPORT DEADLINE; AND
(3) ESTABLISHING PROCEDURES FOR SUBCHAPTER V CASE**

On February 26, 2024, the debtor filed a Chapter 11 petition and elected to proceed under subchapter V. In accordance with subchapter V, **IT IS ORDERED**:

**Section 1188(a) conference**: The Court will conduct the status conference required by 11 U.S.C. § 1188(a) on **April 17, 2024, at 1:30 PM**. Participants may appear by telephone. To appear by telephone, you must call the Court conference line at 1-888-808-6929, and enter access code 9122579 before the scheduled hearing time.

    a. *Required appearances*: Debtor's counsel, the debtor (through its senior management personnel), and the subchapter V trustee must attend this hearing.

    b. *Filing mandatory preconference report*: Not later than **April 3, 2024**, the debtor must file and serve on all parties in interest the preconference report required by 11 U.S.C. § 1188(c), describing at least the following in detail:

i. The efforts the debtor has undertaken or will undertake to attain a consensual plan of reorganization. *See* 11 U.S.C. § 1188(c).

ii. Any complications the debtor perceives in promptly proposing and confirming a plan, including any need for discovery, valuation adjudication, motion practice, claim adjudication, or adversary proceeding litigation.

iii. The nature of the debtor's business or occupation and the goals of the reorganization plan.

iv. Any motions the debtor contemplates filing or expects to file before confirmation.

v. Any objections to claims or interests the debtor expects to file before plan confirmation and any potential need to estimate claims for voting purposes.

vi. Estimated time by which the debtor expects to file and serve its plan of reorganization.

vii. All dates on which the debtor will be unable to attend a hearing on confirmation.

viii. Other matters that the debtor expects the Court will need to address before confirmation.

ix. Other issues that the debtor contends could have an effect on the efficient administration of the case.

c. *Requests for adjournment*: Any request for an adjournment of the status conference must be made by motion served on all parties who have appeared or filed claims, as well as the subchapter V trustee and the United States Trustee, accompanied by notice of a 7-day objection period. The motion must fully explain the reasons for requested adjournment, and, **if the requested adjournment would place the conference at a date later than 60 days after the order for relief, must be supported by facts demonstrating circumstances for which the debtor should not justly be held accountable**. *See* 11 U.S.C. § 1188(b). The Court may grant the motion before the expiration of the objection period in which case the Court will treat any timely filed objection as a motion to reconsider, which the Court will decide de novo.

2. **Deadline to file plan:** The debtor must file and serve its plan of reorganization on or before **May 28, 2024**. *See* 11 U.S.C. § 1189(b). In

proposing a plan of reorganization, the debtor must use the "Subchapter V Small Business Plan" form on the Court's website (https://www.wieb.uscourts.gov/local-sample-forms) located in the Chapter 11 Forms section.

3. **Monthly operating reports:** The debtor must file and serve on the United States Trustee monthly operating reports containing the information required by 11 U.S.C. §§ 1187 and 308, including summaries of the operation of the debtor's business, profitability, and statements identifying all receipts and disbursements. The debtor must file each monthly report on or before the 21st day of the following month. The debtor's monthly operating reports must be made using the form required by the United States Trustee.

4. **Failure to follow this order's directives may result in dismissal:** The failure to follow this order's directions may result in the Court denying confirmation or other sanctions, including but not limited to conversion or dismissal the case and/or monetary sanctions.

5. **Clerk to serve this order:** The Clerk is directed to serve this order on all parties in interest by ECF or through the Bankruptcy Noticing Center.

# # # #