So Ordered.

Dated: November 21, 2024



Beth E. Hanan
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

East Town Management, LLC,                    Case No. 24-20856-beh

                                              Chapter 11(Subchapter V)
                          Debtor.

## ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED NOVEMBER 19, 2024

East Town Management, LLC (the "Debtor") filed a plan of reorganization on May 28, 2024, as modified by modifications filed on May 31, 2024, October 9, 2024, and November 19, 2024 (the "Plan"). Based on the record, the Court finds that the Debtor's Plan satisfies the requirements for confirmation stated in 11 U.S.C. § 1191(a).

Accordingly, IT IS THEREFORE ORDERED AS FOLLOWS:

1. The Debtor's Plan of Reorganization, as modified November 19, 2024, a copy of which is attached hereto, is confirmed.

2. The Debtor must serve a copy of this Order on all creditors and parties in interest within five days of the entry of the Order.

#####

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

East Town Management, LLC,                           Case No. 24-20856-beh

                                                     Chapter 11(Subchapter V)

                    Debtor.

**PLAN OF REORGANIZATION FOR EAST TOWN MANAGEMENT, LLC, AS**
**MODIFIED NOVEMBER 19, 2024**

**Background for Cases Filed Under Subchapter V**

### A.  Description and History of the Debtor's Businesses

East Town Management, LLC (the "Debtor") is single member entity. Its sole member is Christopher Knight. Throughout its history, the Debtor has purchased, restored, and rented out residential properties throughout the City of Milwaukee. The rental income from the properties is one source of the Debtor's revenue. In addition, the Debtor also earns management fees managing rental properties for other owners and commissions acting as a consultant for construction projects. The Debtor also earns commissions for the sale of real estate.

In 2022, the Debtor began to experience cash-flow problems following a dispute with one of its lenders. Unable to reach a resolution on the dispute, the lender filed a lawsuit that triggered defaults under the Debtor's other lending agreements. The litigation prevented the Debtor from obtaining favorable terms for financing causing further distress. The increasing costs resulted in payment defaults to the Debtor's primary lender, Lima One Capital.   The Debtor was forced to file a voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Code") with the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Court") to reorganize and preserve the value of its estate. The case was assigned case number 24-20856 (the "Case").

### B.  Description of Chapter 11 Proceedings

After the chapter 11 filing on February 26, 2024 (the "Petition Date"), the Debtor continued to operate as a debtor-in-possession. Following the filings, the Debtor obtained an order authorizing adequate protection payments and use of cash collateral. On April 3, 2024, the meeting of creditors for the Debtor was held and concluded. The deadline to file proofs of claim or interest was May 6, 2024, except for claims of governmental units provided for by 11 U.S.C. § 502(b)(9).

The Plan of Reorganization (the "Plan") is proposed under subchapter v pursuant to 11 U.S.C. § 1189.

### C.  Liquidation Analysis

To confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as creditors and interest holders would receive in a liquidation under chapter 7 of the Code. The liquidation analysis required by § 1190 of the Code is attached to this Plan as Exhibit 4. In a chapter 7 liquidation, the Debtor estimates that nothing would be paid to unsecured creditors.

### D.  Ability to Make Future Plan Payments and Operate Without Further Reorganization

A plan proponent (here, the Debtor) must also show that it will have enough cash over the life of the Plan to make the required Plan payments. Section 1190 of the Code requires that a Plan must provide projections that support the ability to make all payments required by the Plan.

The Debtor, as Plan proponent, has provided a plan summary as Exhibit 1 and projected financial information as Exhibit 2.

Exhibit 2 contains the projected regular income from the operations of the Debtor. The financial projections show the Debtor will have projected disposable income (as defined by § 1191(d) of the Code) for the period described in § 1191 (c)(2) of approximately $80,000.

Christopher Knight will continue to manage the Debtor under the Plan. Mr. Knight will receive annual compensation of $92,340 before taxes, which compensation is included in the projections on Exhibit 2. Mr. Knight will also receive a credit for rent at the Lone Tree Property.

For all projections, the Debtor assumes that increases in revenue due to inflation will also result in expenses increasing at the same rate with a net effect over three years of the projected disposable incomes remaining constant.

The final Plan payment is expected to be paid three years after the Effective Date. Secured creditors will be paid over a longer period of time.

***You should consult with your accountant or other financial advisor if you have any questions pertaining to the financial projections on Exhibits 1 through 4.***

[The remainder of this page intentionally left blank.]

SPECIFIC PLAN TERMS

**ARTICLE 1:  SUMMARY**

      This Plan is being proposed under subchapter V of chapter 11 of the Code. It proposes to pay creditors of the Debtor from future income from operations.

      This Plan, which is also summarized on Exhibit 1, provides for:

| | |
|---|---|
| [ 13 ] | **Classes of secured claims**<br><br>Class 1 – WSFS<br>Class 2 – Lima One<br>Class 3 – WSFS<br>Class 4 – WSFS<br>Class 5 – Lima One<br>Class 6 – WSFS<br>Class 7 – Lima One<br>Class 8 – WSFS<br>Class 9 – Home Rehab Lending<br>Class 10 – Home Rehab Lending<br>Class 11 – Home Rehab Lending<br>Class 12 – Matt Happ<br>Class 13 – Matt Happ |
| [ 1 ] | **Classes of non-priority unsecured claims:**<br><br>Class 14 – Unsecured Creditors |
| [ 1 ] | Class 15 – Equity Interests |

      **Payment of non-priority unsecured claims.** Non-priority unsecured creditors holding allowed claims will receive distributions from the Debtor's projected disposable income. As shown on Exhibit 1, the Debtor has valued distributions to non-priority claims at approximately 3 cents on the dollar. Distributions will be made annually on or before the last day of the month after the 12th, 24th and 36th month of the Plan. This will permit the Reorganized Debtor to have the benefit of a full year of net income to fund the annual distributions. By way of example, if the Effective Date occurs August, 2024, the first annual disbursement to non-priority unsecured creditors would be due before the last day of September 2025.

**Payment of administrative expenses:** This Plan provides for payment of administrative expenses in the amount of up to $20,000 on the Effective Date of the Plan with the balance of approved compensation to Debtor's counsel paid in twelve equal monthly payments.[1]

All creditors and equity security holders should refer to Articles 2 through 4 of this Plan for information regarding the precise treatment of their claim.

***Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)***

ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01: Class 1**. The Class 1 claim of Wilmington Savings Fund Society, FSB, ("WSFS"), not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2021-2, is secured by first mortgages against real property located at 1931 S. 59th Street, West Allis, WI 53219 (the "South 59th Street Property") and 2510 W. Juneau Avenue, Milwaukee, WI 53233 ("2510 W. Juneau Ave."). The Class 1 claim is further secured by an assignment of leases and rents and insurance proceeds of approximately $60,000.00 held by WSFS. The Class 1 claim of WSFS is for money loaned in the amount of $245,000 under Loan Agreement dated July 28, 2020. WSFS filed proof of claim number 13 in the amount of 278,252.

If WSFS votes to accept the Plan, the Class 1 claim shall be deemed to be secured in the amount of $240,000. If WSFS rejects the Plan, the Class 1 claim shall be deemed to be secured in the amount of $174,000 or an amount otherwise determined by the Court.

WSFS's Class 1 secured claim shall be satisfied in part through the surrender of the South 59th Street Property. The transfer shall be completed via quit claim deed executed on or before the Effective Date. The transfer of the property shall be valued at $115,000. After the transfer of the South 59th Street Property, the Class 1 secured claim shall have a remaining balance of $125,000 if WSFS votes to accept the Plan and, if WSFS votes to reject the Plan, $59,000 or an amount otherwise determined by the Court.

During the time that 2510 W. Juneau Ave. is under repair and not rented, the Reorganized Debtor shall pay interest only payments, at a fixed rate of 7.00% (the "Renovation Period"). The Renovation Period shall not exceed nine months from the Effective Date. WFS shall release an initial disbursement of $10,000.00 for repairs on or before November 27, 2024. Thereafter the Debtor shall contact WSFS to request inspection(s) of the property to obtain additional release(s) of insurance proceeds for remaining repair work until all funds have been disbursed or the property has been fully repaired, whichever occurs first. WSFS shall conduct additional inspection(s) within ten (10) business days (the "Inspection Period") of receiving the request from the Debtor. If an inspection is not conducted within the Inspection Period the additional release(s) shall be deemed approved. Any additional release(s) shall be disbursed to the Debtor within 48 hours of inspection

---

[1] The "Effective Date" is determined by Section 8.02 of the Plan.

or expiration of the Inspection Period. Upon conclusion of the Renovation Period, the Reorganized Debtor shall pay the remaining balance in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 7.00% per annum and amortized so that the full remaining balance is repaid by August 1, 2050. WSFS shall retain all its rights, including all liens to secure its claim. The terms of the loan documents are, in connection with the Case, altered to eliminate any provision that provides for a default due to the Debtor's insolvency, filing the Case or financial condition of the Debtor's business, and escrow deposits for taxes or insurance. Further, the Debtor will not compensate WSFS for any defaults that have occurred. The Reorganized Debtor shall be responsible for the payment of real estate taxes as they come due and to continue to keep the collateral insured. The monthly payments shall commence on the month following the conclusion of the Renovation Period. Any guaranty shall be modified to conform to the terms of the Plan and continue to guaranty the amount of the claim that is deemed to be secured. The loan documents are altered as provided herein. WSFS's Class 1 claim is impaired by the Plan.

To the extent the allowed Class 1 claim of WSFS is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of WSFS' general unsecured claim from its Class 1 claim is estimated to be $163,252 as shown on Exhibit 3.

**2.02: Class 2**. The Class 2 claim of Lima One Capital, LLC ("Lima One") is secured by first mortgages against real property located at 3282-3284 N. 40th Street Milwaukee, WI 53216 (the "40th Street Property") and 2417-2419 W Greenfield Avenue, Milwaukee, WI 53204 (the "Greenfield Property"). The Class 2 claim is further secured by an assignment of leases and rents. The Class 2 claim of Lima One is for money loaned in the amount of $104,300 under Loan Agreement dated May 21, 2021. Lima One filed proof of claim number 4 in the amount of $141,182. The Class 2 claim is deemed to be secured in the amount of $137,000.

Lima One's Class 2 secured claim shall be satisfied in full through the surrender of the 40th Street Property and Greenfield Property. The transfers shall be completed via quit claim deeds executed on or before the Effective Date. The properties shall be apportioned the following values:

| 3284 N. 40th Street Milwaukee, WI 53216 | $42,000 |
| 2417-2419 W Greenfield Avenue, Milwaukee, WI 53204 | $95,000 |

To the extent the allowed Class 2 claim of Lima One is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Lima One's general unsecured claim from its Class 2 claim is estimated to be $4,182 as shown on Exhibit 3. Lima One's Class 2 secured claim is unimpaired by the Plan.

**2.03: Class 3**. The Class 3 claim of WSFS, not in its individual capacity, but solely as trustee of MFA 2022-INV1 Trust, is secured by first mortgages against real property located at 3339-3341 W Juneau Ave., Milwaukee, WI 53208 (the "West Juneau Avenue Property"); 420-422 N 29th Street, Milwaukee, WI 53208 (the "420-422 N. 29th Street"); 3919-3921 W. Cherry St., Milwaukee, WI 53208 ("3919-3921 W. Cherry St."); 1537-1539 N. 37th Street, Milwaukee, WI 53208 (the "North 37th Street Property"); and 1548 S 9th Street, Milwaukee, WI 53204 ( "1548

South 9th Street"). The Class 3 claim is further secured by an assignment of leases and rents. The Class 3 claim of WSFS is for money loaned in the amount of $390,980 under Loan Agreement dated November 18, 2021. WSFS filed proof of claim number 19 in the amount of $525,570.

If WSFS votes to accept the Plan, the Class 3 claim shall be deemed to be secured in the amount of $392,000. If WSFS rejects the Plan, the Class 3 claim shall be deemed to be secured in the amount of $324,000, or an amount otherwise determined by the Court. WSFS's Class 3 secured claim shall be satisfied in part through the surrender of 420-422 N. 29th Street and North 37th Street Property. The transfers shall be completed via quit claim deeds executed on or before the Effective Date. The properties shall be apportioned the following values:

| | |
|---|---|
| 420-422 N 29th Street, Milwaukee, WI 53208 | $75,000 |
| 1537-1539 N. 37th Street, Milwaukee, WI 53208 | $71,000 |

After the transfer of the North 29th Street Property and North 37th Street property, and South 9th Street Property, the Class 3 secured claim shall have a remaining balance of $246,000 if WSFS votes to accept the Plan. If WSFS votes to reject the Plan, the Class 3 secured claim shall have a remaining balance of $178,000 or an amount otherwise determined by the Court.

The Reorganized Debtor shall pay the remaining balance in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 5.85% per annum and amortized so that the full remaining balance is repaid by December 1, 2051. WSFS shall retain all its rights, including all liens to secure its claim. The terms of the loan documents are, in connection with the Case, altered to eliminate any provision that provides for a default due to the Debtor's insolvency, filing the Case or financial condition of the Debtor's business, and escrow deposits for taxes or insurance. Further, the Debtor will not compensate WSFS for any defaults that have occurred. The Reorganized Debtor shall be obligated for the payment of real estate taxes as they come due and to continue to keep the collateral insured. The monthly payments shall commence on the month following the Effective Date. Any guaranty shall be modified to conform to the terms of the Plan and continue to guaranty the amount of the claim that is deemed to be secured. The loan documents are altered as provided herein. WSFS's Class 3 claim is impaired by the Plan.

To the extent the allowed Class 3 claim of WSFS is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of WSFS's general unsecured claim from its Class 3 claim is estimated to be upwards of $201,570 as shown on Exhibit 3.

**2.04: Class 4**. The Class 4 claim of WSFS, solely as trustee of MFA 2022-INV1 Trust, is secured by first mortgages against real property located at 2475 W. Keefe Avenue, Milwaukee, WI 53206 ("2475 W. Keefe Ave."); 3739 W. Kilbourn Avenue, Milwaukee, WI 53208 ("3739 W. Kilbourn Ave.") ; and 3046 N. 2nd Street, Milwaukee, WI 53212 ("3046 N. 2nd Street"). The Class 4 claim is further secured by an assignment of leases and rents. The Class 4 claim of WSFS is for money loaned in the amount of $187,800 under Loan Agreement dated December 30, 2021. WSFS

filed proof of claim number 18 in the amount of $260,477. The Class 4 claim is deemed to be secured in the amount of $152,000.

WSFS's Class 4 secured claim shall be satisfied in full through the surrender of 2475 W. Keefe Ave., 3739 W. Kilbourn Ave., and 3046 N. 2nd Street. The transfers shall be completed via quit claim deeds executed on or before the Effective Date. The properties shall be apportioned the following values:

| | |
|---|---|
| 2475 W. Keefe Ave. | $30,000 |
| 3739 W. Kilbourn Ave. | $62,000 |
| 3046 N. 2nd Street | $60,000 |

To the extent the allowed Class 4 claim of WSFS is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of WSFS's general unsecured claim from its Class 4 claim is estimated to be $108,477 as shown on Exhibit 3. WSFS's Class 4 secured claim is unimpaired by the Plan.

**2.05: Class 5**. The Class 5 claim of Lima One is secured by first mortgages against real property located at 2728-2730 N. 37th Street, Milwaukee, WI 53210 ("2728-2730 N. 37th Street"); 1556 W. Mitchell Street, Milwaukee, WI 53204 ("1556 W. Mitchell Street"); 2438-2440 N. 51st Street, Milwaukee, WI 53210 ("2438-2440 N. 51st Street"). The Class 5 claim is further secured by an assignment of leases and rents. The Class 5 claim of Lima One is for money loaned in the amount of $356,250 under Loan Agreement dated March 9, 2022. Lima One filed proof of claim number 15 in the amount of $481,466. The Class 5 claim is deemed to be secured in the amount of $325,000.

Lima One's Class 5 secured claim shall be satisfied in full through the surrender of 2728-2730 N. 37th Street, 1556 W. Mitchell Street, and 2438-2440 N. 51st Street. The transfer shall be completed via quit claim deed executed on or before the Effective Date. The transfer of the property shall be valued at $60,000. The properties shall be apportioned the following values:

| | |
|---|---|
| 2728-2730 N. 37Th Street | $60,000 |
| 1556 W. Mitchell Street | $135,000 |
| 2438-2440 N. 51st Street | $130,000 |

To the extent the allowed Class 5 claim of Lima One is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Lima One's general unsecured claim from its Class 5 claim is estimated to be $156,466 as shown on Exhibit 3. Lime One's Class 5 secured claim is unimpaired by the Plan.

**2.06: Class 6**. The Class 6 claim of WSFS, not in its individual capacity, but solely as trustee of MFA 2022-INV2 Trust, is secured by first mortgages against real property located at 3901 N. Port Washington Avenue, Milwaukee, WI 53212 ("3901 N. Port Washington"); 747 S. 23rd Street, Milwaukee, WI 53204 ("747 S. 23rd Street"); and 3223 N. 16th Street, Milwaukee, WI 53206 ("3223 N. 16th Street"). The Class 6 claim is further secured by an assignment of leases and rents. The Class 6 claim of WSFS is for money loaned in the amount of $351,250 under Loan Agreement dated February 28, 2020. WSFS filed proof of claim number 14 in the amount of $495,451.61. The Class 6 claim is deemed to be secured in the amount of $360,000.

WSFS's Class 6 secured claim shall be satisfied in full through the surrender of 3901 N. Port Washington, 747 S. 23rd Street, and 3223 N. 16th Street. The transfers shall be completed via quit claim deeds executed by the Reorganized Debtor on or before the Effective Date. The properties shall be apportioned the following values:

| 3901 N. Port Washington | $150,000 |
| 747 S. 23rd Street | $155,000 |
| 3223 N. 16th Street | $55,000 |

To the extent the allowed Class 6 claim of Lima One is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Lima One's general unsecured claim from its Class 6 claim is estimated to be $135,452 as shown on Exhibit 3. WSFS's Class 6 secured claim is unimpaired by the Plan.

**2.07: Class 7**. The Class 7 claim of Lima One is secured by first mortgages against real property located at 2963 N 36th Street, Milwaukee, WI 53210; 3920 N 22nd Street, Milwaukee, WI 53206; and 1970 S 15th Street, Milwaukee, WI 53204. The Class 7 claim is further secured by an assignment of leases and rents. The Class 7 claim of Lima One is for money loaned in the amount of $216,500 under Loan Agreement dated June 30, 2022. Lima One filed proof of claim number 5 in the amount of $293,424.

If Lima One votes to accept the Plan, the Class 7 claim shall be deemed to be secured in the amount of $229,000. If WSFS rejects the Plan, the Class 7 claim shall be deemed to be secured in the amount of $185,000 or an amount otherwise determined by the Court.

The Reorganized Debtor shall pay the Class 7 secured claim in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 7.50% per annum and amortized so that the full remaining balance is repaid by July 1, 2052. Lima One shall retain all its rights, including all liens to secure its claim. The terms of the loan documents are, in connection with the Case, altered to eliminate any provision that provides for a default due to the Debtor's insolvency, filing the Case or financial condition of the Debtor's business, and escrow deposits for taxes or insurance. Further, the Debtor will not compensate Lima One for any defaults that have occurred. The Reorganized Debtor shall be obligated for the payment of real estate taxes as they come due and to continue to keep the collateral insured. The monthly payments

shall commence on the month following the Effective Date. Any guaranty shall be modified to conform to the terms of the Plan and continue to guaranty the amount of the claim that is deemed to be secured. The loan documents are altered as provided herein. Lima One's Class 7 claim is impaired by the Plan.

To the extent the allowed Class 7 claim of Lima One is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Lima One's general unsecured claim from its Class 7 claim is estimated to be upwards of $108,424 as shown on Exhibit 3.

**2.08: Class 8**. The Class 8 claim of WSFS, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust, is secured by first mortgages against real property located at 3419-3421 West Juneau Avenue, Milwaukee, WI 53208. The Class 8 claim is further secured by an assignment of leases and rents. The Class 8 claim of WSFS is for money loaned in the amount of $229,250 under Loan Agreement dated October 4, 2022. WSFS filed proof of claim number 12 in the amount of $121,344.

If WSFS votes to accept the Plan, the Class 8 claim shall be deemed to be secured in the amount of $108,500. If WSFS rejects the Plan, the Class 8 claim shall be deemed to be secured in the amount of $87,000 or an amount otherwise determined by the Court.

The Reorganized Debtor shall pay the Class 8 secured claim in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 7.3% per annum and amortized so that the full remaining balance is repaid by November 1, 2052. WSFS shall retain all its rights, including all liens to secure its claim. The terms of the loan documents are, in connection with the Case, altered to eliminate any provision that provides for a default due to the Debtor's insolvency, filing the Case or financial condition of the Debtor's business. Further, the Debtor will not compensate WSFS for any defaults that have occurred. The Reorganized Debtor shall be obligated for the payment of real estate taxes as they come due and to continue to keep the collateral insured. The monthly payments shall commence on the month following the Effective Date. Any guaranty shall be modified to conform to the terms of the Plan and continue to guaranty the amount of the claim that is deemed to be secured. The loan documents are altered as provided herein. Lima One's Class 8 claim is impaired by the Plan.

To the extent the allowed Class 8 claim of WSFS is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of WSFS's general unsecured claim from its Class 8 claim is estimated to be $34,344 as shown on Exhibit 3.

**2.09: Class 9**. The Class 9 claim of Home Rehab Lending ("HML") is secured by a first mortgage against real property located at 1005 Lone Tree Road, Elm Grove, WI 53122. The Class 9 claim is further secured by an assignment of leases and rents, security agreement, and fixture filing. The Class 9 claim of HML is for money loaned in the amount of $440,000 later amended to increase the principal amount to $769,911. HML filed proof of claim number 11 in the amount of $916,463. Of that amount, $811,167 is attributable to the Class 9 claim. The Class 9 claim is deemed to be secured in the amount of $640,000.

The Reorganized Debtor shall pay the Class 9 secured claim in regular monthly payments of $5,293. Payments shall be applied to principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of plus 1% per annum of the prime rate as of the Effective Date, amortized over 30 years, with a balloon payment due twelve months after entry of a confirmation order of this Plan. HML shall retain all its rights, including all liens to secure its claim. The terms of the loan documents shall be amended, in connection with the Case, to, among other things, (i) eliminate any provision that provides for a default due to the Debtor's insolvency, occupancy of the collateral, filing the Case or financial condition of the Debtor's business; and (ii) provide that the Debtor shall timely pay all real estate taxes due and payable on or after the Petition Date. Further, the Debtor will not compensate HML for any defaults that have occurred. The monthly payments shall commence on the month following the Effective Date. Any guaranty shall be modified and restated to conform to the terms of the Plan and continue to (i) guaranty the amount of the claim that is deemed to be secured; and (ii) provide a security interest in the collateral previously provided in the guaranty up to the amount of the Class 9 Claim ($640,000). New documentation of the loan, guaranty and mortgage that are modified consistent with the Plan will be executed on or before the Effective Date. HML's Class 9 claim is impaired by the Plan.

To the extent the allowed Class 9 claim of HML is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of HML's general unsecured claim from its Class 9 claim is estimated to be $171,167 as shown on Exhibit 3.

**2.10: Class 10**. The Class 10 claim of Home Rehab Lending ("HML") is secured by a first mortgage against real property located at 1729 Linden Ave., Racine, WI 53403 (the "Linden Ave. Property"). The Class 9 claim is further secured by an assignment of leases and rents, security agreement, and fixture filing. The Class 9 claim of HML is for money loaned in the amount of $85,000. HML filed proof of claim number 11 in the amount of $916,463. Of that amount, $105,296 is attributable to the Class 10 secured claim.

HML has agreed to waive any interest in the Linden Ave. Property and accept a general unsecured claim in the amount of $67,000. HML's general unsecured claim from Class 10 shall be treated under Class 14. HML has agreed to vote in favor of the plan.

The Debtor shall retain its interest in Linden Ave. and attempt to market and sell it to satisfy the outstanding tax claim to the City of Racine. If the Debtor is unable to obtain an acceptable offer with 90 days of the Effective Date, the Debtor shall issue a deed-in-lieu to the City of Racine.

**2.11: Class 11**. The Class 11 claim of Home Rehab Lending ("HML") is secured by a first mortgage against real property located at 1812 N. 23rd Street, Milwaukee, WI 53205 ("1812 N. 23rd Street"). The Class 11 claim is further secured by an assignment of leases and rents. The Class 11 claim of HML is for money loaned in the amount of $50,000. The Debtor scheduled HML with a claim amount of $50,000.

HML has agreed to waive any interest in the 1812 N. 23rd Street and accept a general unsecured claim in the amount of $50,000. HML's general unsecured claim from Class 11 shall be treated under Class 14. HML has agreed to vote in favor of the plan.

The Debtor shall retain its interest in 1812 N. 23rd Street and attempt to market and sell it to satisfy the outstanding tax claim to the City of Milwaukee. If the Debtor is unable to obtain an acceptable offer with 90 days of the Effective Date, the Debtor shall issue a deed-in-lieu to the City of Milwaukee.

**2.12: Class 12**. The Class 12 claim of Matt Happ ("Happ") is secured by a first mortgage against real property located at 2729-2731 N 20th, Milwaukee, WI 53206 ("2729-2731 N 20th". The Class 12 claim of Happ is for money loaned in the amount of $50,000. The Debtor scheduled Happ with a claim amount of $50,000. The Class 12 claim is deemed to be secured in the amount of $32,000.

Happ's Class 12 secured claim shall be satisfied in full through the surrender of 2729-2731 N 20th. The transfer shall be completed via quit claim deed executed on or before the Effective Date. Happ's Class 12 secured claim is unimpaired by the Plan.

To the extent the allowed Class 12 claim of Happ is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Happ's general unsecured claim from his Class 12 claim is estimated to be $18,000 as shown on Exhibit 3.

**2.13: Class 13**. The Class 13 claim of Happ is secured by a first mortgage against real property located at 2900 N 17th Street, Milwaukee, WI 53206 ("2900 N 17th Street"). The Class 13 claim of Happ is for money loaned in the amount of $50,000. The Class 13 claim is deemed to be secured in the amount of $37,000.

Happ's Class 13 secured claim shall be satisfied in full through the surrender of 2900 N 17th Street. The transfer shall be completed via quit claim deed executed on or before the Effective Date. Happ's Class 13 secured claim is unimpaired by the Plan.

To the extent the allowed Class 13 claim of Happ is not secured, the creditor will have a general unsecured claim under Class 14. The total amount of Happ's general unsecured claim from his Class 12 claim is estimated to be $13,000 as shown on Exhibit 3.

**2.14: Class 14** - All non-priority unsecured claims allowed under § 502 of the Code against the Debtor will share on a pro rata basis from a total of $50,000 paid over three years in annual distributions of $10,000 after year one, $20,000 after year two, and $20,000 after year three of the Plan. The distributions will be paid on or before the last day of the month after the 12th, 24th and 36th month of the Plan. The intent is to permit the Reorganized Debtor to have the benefit of a full year of net income to fund the annual distributions.

If the Plan is confirmed under § 1191(b), then the annual installments shall be reduced by any fees that the Subchapter V Trustee is paid for the continuing involvement to monitor payments.

**2.15: Class 15** – The interests of the equity security holders in the Debtor shall retain their interests and are not impaired by the Plan.

**2.16: Claims Filed as Secured that are Not Secured Claims.** The only claims that are recognized as secured claims are those stated in this Article 2. The claims of Fora Financial Securitization and Markos Ramirez that have asserted a lien to secure a claim are not considered secured creditors. Any lien rights they may have are extinguished on the Effective Date. To the extent such claims are allowed, the allowed claims will be treated as general unsecured claims under Class 14 as shown on Exhibit 3.

**2.17: Treatment common to all secured claims.** The liens securing the allowed secured claims in this Plan shall remain after confirmation of the Plan. With respect to all allowed secured claims, upon the Court granting a holder of an allowed secured claim relief from the automatic stay with respect to a claim secured by property of the estate, or upon the holder of an allowed secured claim obtaining relief from state court after the Effective Date, such creditor's claim, and the claims of all holders of allowed secured claims secured by the same collateral (as determined by the collateral identified in their proofs of claim), shall be treated as bifurcated into an allowed secured claim limited to the value realized by such creditor(s) upon disposition of such property, and an allowed unsecured claim for the difference between the balance due on its allowed claim and the value realized by such creditor(s) upon the disposition of the collateral. All allowed unsecured claims arising under this provision shall be treated as Class 14 general unsecured claims under this Plan and shall be entitled to their respective pro rata distribution of any undisbursed funds payable under this Plan to Class 14 creditors. Upon entry of an order granting the holder of an allowed secured claim relief from the automatic stay, the Reorganized Debtor shall cease all future disbursements on such creditor's allowed secured claim and on all junior claims secured by the same collateral.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSES, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

**3.01: Unclassified claims.** Under § 1123(a)(1) of the Code, allowed administrative expenses and priority unsecured tax claims are not in classes. Administrative expenses and priority unsecured tax claims will be paid in full.

**3.02: Administrative expenses.** Administrative expenses allowed under § 503 of the Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor, or as to the subchapter V trustees as provided in section 7.03. Debtor's counsel has agreed to accept $15,000 on the Effective Date and monthly payments in the amount of $1,250 until the balance of their approved compensation is paid in full. All such expenses for professionals under 11 U.S.C. § 327 are subject to Court approval.

**3.03: Priority and secured tax claims.** Each holder of an allowed priority or secured tax claim will be treated as described in this section. The terms of the Plan do not affect the rights of a governmental unit under applicable non-bankruptcy law to collect on a claim arising after the Effective Date or to enforce the terms of the Plan as to an allowed priority or secured tax claim, including tax liens, or other administrative or judicial collection action available to it.

The City of Milwaukee filed proof of claim number 6 for a secured tax claim in the amount of $14,255.91. The City's claim is secured by a tax lien against 2729-2731 N 20th Street, Milwaukee, WI. The Plan contemplates that the real property shall be transferred to the secured creditor pursuant Section 2.12. The City of Milwaukee shall retain any lien that secures its claim and rights to recover from the property. The claim is unimpaired.

The City of Milwaukee filed proof of claim number 7 for a secured tax claim in the amount of $9,010.43. The City's claim is secured by a tax lien against 1812 N. 23rd Street, Milwaukee, WI 53205. The Plan contemplates that the secured creditor shall waive any interest in the real property pursuant Section 2.11. The Debtor shall have a period of 90 days to market and sell the real property in satisfaction of the secured tax claim. Absent an acceptable offer, the Debtor execute a deed-in-lieu in favor of the City of Milwaukee. The City of Milwaukee shall retain any liens that secure its claim and rights to recover from the property. The claim is unimpaired.

The Waukesha County Treasurer filed proof of claim number 22 for a secured tax claim in the amount of $28,130.85. The Treasurer's claim is secured by a tax lien against 1005 Lone Tree Road, Elm Grove, WI 53122. The claim will be paid in full with eleven interest only payments at an interest rate of 12% and a balloon payment for the allowed claim amount. The balloon payment will be paid from the sale proceeds of 1005 Lone Tree Road, Elm Grove, WI 53122. Waukesha County shall be enjoined from commencing an action to foreclose its interest in the property unless the Debtor defaults under the terms of this paragraph.

**3.04: Statutory fees.** All unpaid fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date will be paid on or before the Effective Date.

**3.05: Prospective quarterly fees.** All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.

ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.01: Claims and interests are treated as follows under this Plan.** (The following is only a partial summary of claim treatment provided for under Article 2 and any provisions in the summary below that are inconsistent with Article 2 are of no effect):

[The remainder of this page is intentionally left blank.]

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **Secured claim** of Wilmington Savings Fund Society, FSB | ☒ Impaired<br><br>☐ Unimpaired | WSFS' Class 1 claim is in the amount of $174,000.<br><br>It shall be satisfied in part through the surrender of the 59th Street Property.<br><br>The remaining secured claim, as determined pursuant to the Plan, shall be paid in interest only payments during the Renovation Period. Upon conclusion of the Renovation Period, the secured claim shall be paid in equal monthly payments of principal and interest, at a fixed rate of 7.00% per annum and amortized so that the full remaining balance is repaid by August 1, 2050.<br><br>Assuming monthly payments beginning September 2024, the estimated monthly installment of approximately $671. |
| Class 2– **Secured claim** of Lima One Capital, LLC | ☐ Impaired<br><br>☒ Unimpaired | Lima One's Class 2 claim is in the amount of $137,000.<br><br>It shall be satisfied in full through the surrender of the 30th Street Property and Greenfield Property. |

| Class 3 – **Secured claim** of Wilmington Savings Fund Society, FSB | ☒ Impaired<br><br>☐ Unimpaired | WSFS's Class 3 secured claim is in the amount of $324,000.<br><br>It shall be satisfied in part through the surrender of 420-422 N. 29th Street and the North 37th Street Property.<br><br>The remaining secured claim, as determined pursuant to the Plan, shall be paid in equal monthly payments of principal and interest, at a fixed rate of 5.85% per annum, and amortized so that the full remaining balance is repaid by December 1, 2051.<br><br>Assuming monthly payments beginning September 2024, the estimated monthly installment of approximately $1,090. |
|---|---|---|
| Class 4 – **Secured claim** of Wilmington Savings Fund Society, FSB | ☐ Impaired<br><br>☒ Unimpaired | WSFS's Class 4 secured claim is in the amount of $152,000.<br><br>It shall be satisfied in full through the surrender of 2475 W. Keefe Ave., 3739 W. Kilbourn Ave., and 3046 N. 2nd Street. |
| Class 5 – **Secured claim of** Lima One Capital, LLC | ☐ Impaired<br><br>☒ Unimpaired | Lima One's Class 5 secured claim is in the amount of $325,000.<br><br>It shall be satisfied in full through the surrender of 2728-2730 N. 37th Street, 1556 W. Mitchell Street, and 2438-2440 N. 51st Street. |
| Class 6 – **Secured claim** of Wilmington Savings Fund Society, FSB | ☐ Impaired<br><br>☒ Unimpaired | WSFS's Class 6 secured claim is in the amount of $360,000.<br><br>It shall be satisfied in full through the surrender 3901 N. Port Washington, 747 S. 23rd Street, and 3223 N. 16th Street. |

| | | |
|---|---|---|
| Class 7 – **Secured claim of** Lima One Capital, LLC | ☒ Impaired<br><br>☐ Unimpaired | Lima One's Class 7 secured claim is in the amount of $185,000.<br><br>The Reorganized Debtor shall pay the Class 7 secured claim, as determined pursuant to the Plan, in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 7.50% per annum and amortized so that the full remaining balance is repaid by July 1, 2052.<br><br>Assuming monthly payments beginning September 2024, the estimated monthly installment of approximately $1,321. |
| Class 8– **Secured claim** of Wilmington Savings Fund Society, FSB | ☒ Impaired<br><br>☐ Unimpaired | WSFS's Class 8 secured claim is in the amount of $108,500.<br><br>The Reorganized Debtor shall pay the Class 8 secured claim, as determined pursuant to the Plan, in monthly payments of principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 7.3% per annum and amortized so that the full remaining balance is repaid by November 1, 2052.<br><br>Assuming monthly payments beginning September 2024, the estimated monthly installment of approximately $ 607. |
| Class 9 – **Secured Claim of** Home Rehab Lending, LLC | ☒ Impaired<br><br>☐ Unimpaired | HML's Class 9 secured is in the amount of $640,000.<br><br>The Reorganized Debtor shall pay the Class 9 secured claim in regular monthly payments of $5,293. Payments shall be applied to principal and interest pursuant to the terms of the Loan Documents, including a fixed rate of 9.5% per annum, amortized over 30 years, with a balloon payment due twelve months after entry of a confirmation order. |

| | | |
|---|---|---|
| Class 10 – **Secured Claim of** Home Rehab Lending, LLC | ☐ Impaired<br><br>☒ Unimpaired | HML's Class 10 secured claim is in the amount of $67,000.<br><br>HML has agreed to waive its secured claim and accept a general secured claim in the amount of $67,000. It shall be satisfied through the distributions to Class 14. |
| Class 11- **Secured Claim of** Home Rehab Lending, LLC | ☐ Impaired<br><br>☒ Unimpaired | HML's Class 11 secured claim is in the amount of $50,000.<br><br>HML has agreed to waive its secured claim and accept a general secured claim in the amount of $50,000. It shall be satisfied through the distributions to Class 14 |
| Class 12 – **Secured Claim of** Matt Happ | ☐ Impaired<br><br>☒ Unimpaired | The Class 12 secured is in the amount of $32,000.<br><br>It shall be satisfied in full through the surrender of 2729-2731 N 20th. |
| Class 13 – **Secured Claim of** Matt Happ | ☐ Impaired<br><br>☒ Unimpaired | The Class 13 claim is in the amount of $37,000.<br><br>It shall be satisfied in full through the surrender of 2900 N 17th Street. |
| Class 14 – **Non-Priority, unsecured claims** | ☒ Impaired<br><br>☐ Unimpaired | All non-priority unsecured claims allowed under § 502 of the Code, estimated to total $1,435,668 will share on a pro-rata basis from a total of $50,000 paid in three annual distributions of $10,000 in year one, $20,000 in year two, and $20,000 in year three of the Plan. If the Plan is confirmed under § 1191(b), the amount will be reduced by any fees of the Subchapter V Trustee paid for the continuing involvement to monitor distributions. |
| Class 15 – **Equity Interests** | ☐ Impaired<br><br>☒ Unimpaired | The equity interest holders shall retain their interest in the Debtor. |

ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01: Disputed claim.** A "disputed claim" is a claim that has not been allowed or disallowed and as to which either:

(a)     A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(b)     No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

**5.02: Delay of distribution on a disputed claim.** No distribution will be made on account of a disputed claim unless and until it is allowed.

**5.03: Settlement of disputed claims.** After the Effective Date, the Reorganized Debtor will have the power and authority to settle and compromise a disputed claim without Court approval or compliance with Rule 9019(a).[2]

**ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**6.01: Assumption and Rejection of Unexpired Leases and Executory Contracts.**

(a)     **Assumption of Unexpired Leases and Executory Contracts.** The Debtor shall assume the unexpired leases and executory contracts listed on Addendum 6.01(a) as of the Effective Date. The assumed unexpired leases and executory contracts vest in the Reorganized Debtor on the Effective Date. The Debtor expressly assumes the Rental Property Partnership Agreement with Markos Ramirez executed March 22, 2021 related to the property located at 1548-1550 South 9th Street, Milwaukee, Wisconsin ("Rental Property Partnership Agreement"), as modified under the terms of the Plan in section 6.01 (a)(i) below.

        i.    **Modifications to Rental Property Partnership Agreement.** The Rental Property Agreement shall be modified to delete any requirement or the parties or rights other than Markos Ramirez retaining a 30% equity interest in the real property located at 1548 South 9th Street ("9th Street") and granting Mr. Ramirez the right to record an Affidavit of Interest with the Milwaukee County Register of Deeds to put the public on notice of said interest.

(b)     **Curage Amount.** The amount to cure any default in the unexpired leases or executory contracts is presumed to be the amount stated in Addendum 6.1(a) as the "Curage Amount" unless a party-in-interest objects by the date on which the Court sets for objections to confirmation of the Plan. If an objection is filed, the Court shall determine the amount necessary for the Reorganized Debtor to cure any default as required under § 365(b)(1) of the Code. The Reorganized Debtor shall have 15 days after the Court's determination becomes a Final Order to change its decision to assume the unexpired lease or executory contract or reject it. If after the Court's determination the Reorganized Debtor maintains their decision to assume the unexpired lease or executory contract, the amount

---

[2] "Rule" is defined as the Federal Rules of Bankruptcy Procedure.

necessary to cure any default shall be paid by the Reorganized Debtor within 30 days after the order determining the amount becomes a Final Order, or as otherwise agreed to between the parties, or within 90 days of the Effective Date if no objection is filed.

(c) **Rejection of Unexpired Leases and Executory Contracts.** Any unexpired lease or executory contract not listed on Addendum 6.1(a) is rejected as of the Effective Date.

(d) **Bar Date for Filing Claims for Rejection Damages.** Unless otherwise ordered by the Court, proofs of claim(s) for damages arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Court no later than 30 days after the Debtor or Reorganized Debtor provides the Creditor with notice that its executory contract or unexpired lease has been rejected. **All such Claim(s) not filed within the time set forth in this section shall be forever barred and extinguished against the Debtor, its estate, and the Reorganized Debtor.**

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

**7.01: Source of Plan Payments.** The Debtor shall implement the Plan through future income from operations.

**7.02: Vesting of Causes of Action.** On the Effective Date, all property of the Debtor and causes of action shall vest in the Reorganized Debtor. "Causes of action" include (a) preference, fraudulent transfer and other claims arising under chapter 5 of the Code.

**7.03: Subchapter V Trustee's Role.** The subchapter V trustee's duties shall be discharged as of the confirmation of this Plan if the Plan is confirmed as a "consensual" Plan. If the Plan is not confirmed as a "consensual" Plan, the subchapter v trustee's post-confirmation duties shall be limited to those identified in § 1183(b), except to the extent expressly modified by the terms of this Plan or as may occur as a result of removal of the debtor-in-possession pursuant to § 1185.

## ARTICLE 8: GENERAL PROVISIONS

**8.01: Definitions and rules of construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**8.02: Effective date.** The "Effective Date" is the day that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Rule 9006(a)(1).

**8.03: Binding effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**8.04: Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.05: Retention of Jurisdiction.** The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

**8.06: Default for failure to make payment under Plan.** In the event the Debtor should default for failing to make a payment or otherwise under the Plan, after the Effective Date, creditors with allowed claims shall not be required to seek relief from the Court before taking action to enforce their claim as modified by the Plan. By way of illustration and without limitation, for example, secured creditors (Classes 1 and 2) would be entitled to enforce the rights and remedies in their loan documents, as modified by the Plan, in state court or Bankruptcy Court, under applicable state law. Nothing in this section prevents creditors with allowed claims from seeking relief from the Court including, but not limited to, dismissal or conversion of the Debtor's bankruptcy case and for a secured creditor to obtain an Order for turnover of its collateral.

## ARTICLE 9: DISCHARGE AND INJUNCTION

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

      (a)      imposed by this Plan; or

      (b)      to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

      (a)      on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192; or

      (b)      excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 10: OTHER PROVISIONS

**10.01: Retention of Property.** Unless otherwise stated in the Plan, the Debtor shall retain all property of the estate, no transfer of estate property other than required under the Plan being anticipated at this time.

**10.02: Prepayment.** The Debtor may prepay any amount to any Class at any time without penalty.

**10.03: Distribution Addresses.** All distributions shall be mailed to creditors at the addresses shown on the Debtors' schedules, except those creditors who have filed proofs of claim or notices of appearance in this action shall have their distribution checks sent to the addresses shown on those documents. Any creditor may change the address for mailing of its distribution check by written notice to counsel for the Debtor. Any distribution checks properly sent to such addresses which are returned shall become the property of the Debtor without further liability for such distributions.

Dated: May 28, 2024,
as modified May 31, 2024,
October 9, 2024, and
November 19, 2024

Respectfully submitted,

*/s/ Evan P. Schmit*
Evan P. Schmit

P.O. Address:
839 N. Jefferson St., Suite 400        Kerkman & Dunn
Milwaukee, WI 53202-3744               Attorneys for the Debtor
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com

**Addendum 6.1(a)**

**Executory Contracts and Unexpired Lease Agreements Assumed Under the Plan**

| Description of the Unexpired Lease or Executory Contract | Curage Amount |
|---|---|
| Danielle Woods, 3419 W. Juneau, Milwaukee, WI 53208 | $0.00 |
| Miranda Kirk, 3419 W. Juneau, Milwaukee, WI 53208 | $0.00 |
| | |
| Ediline Guzman, 1548 S. 9th Street, Milwaukee, WI 53204 | $0.00 |
| Ricardo Rocha, 1548 S. 9th Street, Milwaukee, WI 53204 | $0.00 |
| | |
| James Michael, 3920 N. 22nd St., Unit A, Milwaukee, WI 53206 | $0.00 |
| Leeta Gill, 3920 N. 22nd St., Front Unit, Milwaukee, WI 53206 | $0.00 |
| | |
| Rosa Gallegos, 1970 S. 15th St., Milwaukee, WI 53204 | $0.00 |
| | |
| Ryanna Crook, 3919 W. Cherry St., Milwaukee, WI 53208 | $0.00 |
| | |
| Office space located at 13500 Watertown Plank Road, Elm Grove, WI Lease agreement with Plank Road Plaza Investments, LLC | $0.00 |
| | |
| Rental Property Partnership Agreement"), as modified under the terms of the Plan in section 6.01 (a)(i) | $0.00 |

Exhibit 1
Summary of Plan Payments
(If WSFB/Lima One accept the Plan)

| | Estimated Amount | Paid on Effective Date | Remaining Claim Amount | Monthly Plan Payment | Plan Terms |
|---|---|---|---|---|---|
| **Administrative Expenses** | | | | | |
| Kerkman & Dunn | $ 30,000 | $ 15,000 | $ 15,000 | $ (1,250) | Equal monthly payments. |
| Subchapter V Trustee | $ 5,000 | $ 5,000 | $ - | | |

| Tax Claim (Priority and Secured) | Estimated | Paid on Effective Date[1] | Remaining Claim Amount | Monthly Plan Payment[2] | Plan Terms |
|---|---|---|---|---|---|
| Waukesha County Treasurer | $ 28,131 | $ - | $ 28,131 | $ (281) | Eleven interest only payments and one balloon |
| City of Milwaukee | $ 14,256 | $ - | $ - | | Retains liens against real property. |
| City of Milwaukee | $ 9,010 | $ - | $ - | | Retains liens against real property. |

| Class | | | | | | |
|---|---|---|---|---|---|---|
| 1 | **Wilmington Savings Fund Society, FSB** | $ 240,000 | $ 115,000 | $ 125,000 | $ (729) | 311 months, 7.00% interest |
| 2 | **Lima One Capital** | $ 137,000 | $ 137,000 | $ - | | Satisfied in full from surrender of collateral. |
| 3 | **Wilmington Savings Fund Society, FSB** | $ 392,000 | $ 146,000 | $ 246,000 | $ (1,506) | 327 months, 5.85% interest |
| 4 | **Wilmington Savings Fund Society, FSB** | $ 152,000 | $ 152,000 | $ - | | Satisfied in full from surrender of collateral. |
| 5 | **Lima One Capital** | $ 325,000 | $ 325,000 | $ - | | Satisfied in full from surrender of collateral. |
| 6 | **Wilmington Savings Fund Society, FSB** | $ 360,000 | $ 360,000 | $ - | | Satisfied in full from surrender of collateral. |
| 7 | **Lima One Capital** | $ 229,000 | $ - | $ 229,000 | $ (1,635) | 334 months, 7.5% |
| 8 | **Wilmington Svaings Fund Society, FSB** | $ 108,500 | $ - | $ 108,500 | $ (758) | 338 months, 7.3% |
| 9 | **Home Rehab Lending** | $ 640,000 | $ - | $ 640,000 | $ (5,293) | 11 months, monthly payment at $5,293, prime plus 1%, amortized 335 months, balloon payment $640,000 due twelfth month. |
| 10 | **Home Rehab Lending** | $ 67,000 | $ 67,000 | $ - | | Satisfied in full from surrender of collateral. |
| 11 | **Home Rehab Lending** | $ 50,000 | $ 50,000 | $ - | | Satisfied in full from surrender of collateral. |
| 12 | **Matt Happ** | $ 32,000 | $ 32,000 | $ - | | Satisfied in full from surrender of collateral. |
| 13 | **Matt Happ** | $ 37,000 | $ 37,000 | $ - | | Satisfied in full from surrender of collateral. |
| | **Total Monthly Plan Payments Before Unsecured Creditors (Year 1)** | | | $ | $ (11,453) | |
| | **Total Monthly Plan Payments Before Unsecured Creditors (Year 2 and Year 3)** | | | $ | $ (4,628) | |

[1] Payments on Effective Date reflect reduction in secured claim amount based on value of real estate surrendered to creditor.

[2] Assumes Effective Date in December 2024 with monthly payments commencing January 2025.

23

Exhibit 2 Cash Flow Projections

**East Town Management, LLC**

| Income | April | May | June | July | August | Properties After Effective Date | Estimated Start of Plan Payments — November | January | February | March | April | May | June | July | Year 1* | Year 2* | Year 3* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GC Revenue | $24,000 | $25,700 | $22,000 | $25,300 | 18,050 | | $25,000 | $25,000 | $27,000 | $26,000 | $20,000 | $22,000 | $24,000 | $25,300 | $291,000 | $291,000 | $291,000 |
| RE Sales Commissions | $6,837 | $2,839 | $5,519 | $ - | 2,975 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $36,000 | $36,000 | $36,000 |
| Management Fees | $3,071 | | | | | | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $ - | $ - | $ - |
| Insurance Claims | | | | | | | $50 | $50 | $50 | $50 | $50 | $50 | $50 | $50 | $ - | $ - | $ - |
| Rent Income | $8,100 | $10,485 | $6,420 | $9,900 | 7,900 | | $16,153 | $16,153 | $16,153 | $16,153 | $16,153 | $16,153 | $16,153 | $16,153 | $199,836 | $136,320 | $136,320 |
| (deposits, ni funds, and other) | $2,500 | 375 | 900 | 882 | 3,438 | | | | | | | | | | | | |
| | | | | | | 2510 W. Juneau Ave (Est. rent after repairs and leasing) | $1,500 | $1,500 | 1,500 | 1,500 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 | 24,000 | 24,000 |
| | | | | | | 3339 W. Juneau Ave | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 21,600 | 21,600 | 21,600 |
| | | | | | | 3919 W. Cherry St. | 1,600 | 1,600 | 1,600 | 1,600 | 1,600 | 1,600 | 1,600 | 1,600 | 19,200 | 19,200 | 19,200 |
| | | | | | | 1548 South 9th St. | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 14,400 | 14,400 | 14,400 |
| | | | | | | 2963 N. 36th St. | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 18,000 | 18,000 | 18,000 |
| | | | | | | 3920 N. 22nd St. | 1,425 | 1,425 | 1,425 | 1,425 | 1,425 | 1,425 | 1,425 | 1,425 | 17,100 | 17,100 | 17,100 |
| | | | | | | 1970 S. 15th St. | 700 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 | 7,800 | 7,800 |
| | | | | | | 3419 W. Juneau Ave. | 1,250 | 1,185 | 1,185 | 1,185 | 1,185 | 1,185 | 1,185 | 1,185 | 14,220 | 14,220 | 14,220 |
| | | | | | | 1005 Lisc Tree | $5,291 | $5,291 | $5,291 | $5,291 | $5,291 | $5,291 | $5,291 | $5,291 | 63,516 | | |
| **Total Revenue** | 46,208 | 39,398 | 34,839 | 36,082 | 33,272 | | 44,153 | 44,153 | 46,153 | 45,153 | 39,653 | 41,653 | 43,653 | 44,653 | 526,836 | 463,320 | 463,320 |
| **Expenses:** | | | | | | | | | | | | | | | | | |
| Salary | 6,156 | 6,156 | 3,078 | 10,773 | 4,617 | | 7,695 | 7,695 | 7,695 | 7,695 | 7,695 | 7,695 | 7,695 | 7,695 | 92,340 | 92,340 | 92,340 |
| Estate Protection Payments & | 10,859 | 10,889 | 10,889 | 10,889 | 10,174 | | $ - | $ - | | | | | | | $ - | | |
| Insurance | 897 | 610 | 610 | 951 | 754.17 | | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 4,200 | 4,200 | 4,200 |
| Sub-Contractor Payments | 18,500 | 18,600 | 14,000 | 11,500 | 10,700 | | 20,000 | 18,000 | 17,500 | 16,000 | 15,000 | 16,000 | 14,000 | 9,000 | 188,250 | 188,250 | 188,250 |
| Materials | 927 | 978 | 1,440 | 1,715 | 1,230.26 | | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 12,000 | 12,000 | 12,000 |
| Misc Fees & Expenses | 353 | 353 | 256 | 439 | 2,396.34 | | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 2,220 | 2,220 | 2,220 |
| Office Rent | 425 | 425 | 850 | $ - | $ - | | 800 | 860 | 860 | 425 | 850 | 185 | 185 | $ - | 5,513 | 5,513 | 5,513 |
| Office Supplies | 256 | 407 | 274 | 95 | 44.64 | | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 2,400 | 2,400 | 2,400 |
| Gas | 464 | 362 | 469 | 454 | 577.42 | | 402 | 402 | 402 | 402 | 402 | 402 | 402 | 402 | 4,824 | 4,824 | 4,824 |
| Internet | $ - | 64 | $ - | 148 | 102.00 | | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 384 | 384 | 384 |
| Cellular | 430 | 393 | 213 | 398 | 398.29 | | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 4,920 | 4,920 | 4,920 |
| Management Fees | 3,395 | 1,895 | 1,500 | 1,755 | | | | | | | | | | | 40,632 | | |
| Property Taxes (estimated based on 2023) | | | | | | | | | | | | | | | | | |
| **Total Expenses** | 42,159 | 41,420 | 33,518 | 39,118 | 30,904 | | 31,074 | 29,074 | 28,574 | 26,699 | 26,124 | 26,274 | 24,274 | 19,374 | 366,419 | 357,683 | 357,683 |
| **Net Income During Bankruptcy** | 4,049 | (2,021.66) | 1,320 | (3,036) | 2,278.43 | Net Funds Available for Plan Payments | 13,079 | 15,380 | 17,579 | 18,454 | 13,529 | 15,379 | 19,379 | 25,379 | 160,417 | 105,637 | 105,637 |
| | | | | | | Plan Payments before Unsecured from Plan Summary (Net Plan Payments) | (11,453) | (11,453) | (11,453) | (11,453) | (11,453) | (11,453) | (11,453) | (11,453) | (517,433.08) | (555,541) | (555,541) |
| | $1,217,168 | | | | | Total Available for Distributions to Unsecured Creditors | 1,626 | 3,936 | 6,126 | 7,001 | 2,076 | 3,926 | 7,926 | 13,926 | 22,984 | 58,096 | 58,096 |
| | $58,000 | | | | | Total Unsecured Debt | | | | | | | | | | | |
| | 4% | | | | | Total Paid to Unsecured Creditors | | | | | | | | | (10,000) | (20,000) | (20,000) |
| | | | | | | Estimated Percentage Paid to Unsecured Creditors | | | | | | | | | | | |

24

Exhibit 3
List of Creditors

| Class | Description | Amount Scheduled | Amount Claimed | Estimated Allowed Amount | Claim No. |
|---|---|---|---|---|---|
| | **Administrative Expenses** | | | | |
| | Kerkman & Dunn | | | $ 30,000.00 | |
| | Subchapter V Trustee | | | $ 5,000.00 | |
| | | | | | |
| | **Tax Claim (Priority and Secured)** | Amount Scheduled | Amount Claimed | Estimated Allowed Amount | Claim No. |
| | City of Milwaukee | $ - | $ 14,255.91 | $ 14,256 | 6 |
| | City of Milwaukee | $ - | $ 9,010.43 | $ 9,010 | 7 |
| | Internal Revenue Service | $ 34,000.00 | $ - | $ - | |
| | Waukesha County Treasurer | | $ 28,130.85 | $ 28,131 | 22 |
| 1 | **Wilmington Savings Fund Society, FSB*** | $ - | $ 278,252.25 | $ 240,000 | 13 |
| 2 | **Lima One Capital** | $ 117,000.00 | $ 141,182.54 | $ 137,000 | 4 |
| 3 | **Wilmington Savings Fund Society, FSB*** | $ 447,000.00 | $ 525,569.83 | $ 392,000 | 19 |
| 4 | **Wilmington Savings Fund Society, FSB** | $ 189,000.00 | $ 260,476.82 | $ 152,000 | 18 |
| 5 | **Lima One Capital** | $ 398,000.00 | $ 481,465.70 | $ 325,000 | 15 |
| 6 | **Wilmington Savings Fund Society, FSB** | $ 399,000.00 | $ 495,451.61 | $ 360,000 | 14 |
| 7 | **Lima One Capital*** | $ 235,000.00 | $ 293,424.38 | $ 229,000 | 5 |
| 8 | **Wilmington Svaings Fund Society, FSB*** | $ 95,000.00 | $ 121,343.84 | $ 108,500 | 12 |
| 9 | **Home Rehab Lending** | $ 750,000.00 | $ 811,167.46 | $ 640,000 | 11 |
| 10 | **Home Rehab Lending** | $ 92,000.00 | $ 105,295.66 | $ 67,000 | 11 |
| 11 | **Home Rehab Lending** | $ 50,000.00 | $ - | $ 50,000 | |
| 12 | **Matt Happ** | $ 50,000.00 | $ - | $ 32,000 | |
| 13 | **Matt Happ** | $ 50,000.00 | $ - | $ 37,000 | |

*Assumes creditor accepts Plan.

| Class | Description | Amount Scheduled | Amount Claimed | Estimated Allowed Amount | Claim No. |
|---|---|---|---|---|---|
| 14 | **Unsecured Creditors** | Amount Scheduled | Amount Claimed | Estimated Allowed Amount | Claim No. |
| | AMEX - Business Green Rewards | | $ 8,420 | $ 8,420 | 20 |
| | AMEX - Business Platinum | | $ 8,241 | $ 8,241 | 21 |
| | Audra Grant | | | $ 28,978 | 10 |
| | Capital One | $ 12,000.00 | $ 8,226 | $ 8,226 | 1 |
| | Capital One | $ - | $ 8,252 | $ 8,252 | 2 |
| | Fora Financial Securitization | $ 46,000.00 | $ 19,761 | $ 19,761 | 8 |
| | Fora Financial Securitization | $ - | $ 26,804 | $ 26,804 | 9 |
| | Home Rehab Lending (Unsecured Class 10) | | | $ 38,296 | |
| | Home Rehab Lending (Unsecured Class 9) | | | $ 171,167 | |
| | Josh Noshke | $ 42,000.00 | $ 46,600 | $ 46,600 | 3 |
| | Lima One Capital (Unsecured Class 2) | | | $ 4,183 | |
| | Lima One Capital (Unsecured Class 5) | | | $ 156,466 | |
| | Lima One Capital (Unsecured Class 7) | | | $ 64,424 | |
| | Markos Ramirez | $ 150,000.00 | $ 160,855 | $ 160,855 | 16 |
| | Markos Ramirez | $ - | $ 42,000 | $ - | 17 |
| | Matt Happ (Unsecured Class 12) | $ - | $ - | $ 18,000 | |
| | Matt Happ (Unsecured Class 13) | $ - | $ - | $ 13,000 | |
| | Sychrony Bank/Lowes | $ 2,000.00 | $ - | $ 2,000 | |
| | Synchrony Bank/Fleet Farm | $ 600.00 | $ - | $ 600 | |
| | Synchrony Bank/Harbor Freight | $ 300.00 | $ - | $ 300 | |
| | Wadina Family Trust | $ 4,000.00 | $ - | $ 4,000 | |
| | Wilmington Savings Fund Society, FSB (Unsecured Class 1) | | | $ 38,252 | |
| | Wilmington Savings Fund Society, FSB (Unsecured Class 3) | | | $ 133,570 | |
| | Wilmington Savings Fund Society, FSB (Unsecured Class 4) | | | $ 108,477 | |
| | Wilmington Savings Fund Society, FSB (Unsecured Class 6) | | | $ 135,452 | |
| | Wilmington Svaings Fund Society, FSB (Unsecured Class 8) | | | $ 12,844 | |
| | | | **Total** | $ 1,217,168 | |

Exhibit 4
Liquidation Analysis

| Description | Estimated Value | Reduction | Liquidation Value[1] |
|---|---|---|---|
| **Real Estate** | | | |
| 1931 S. 59th St. | $ 95,000 | $ (23,750) | $ 71,250 |
| 2510 W. Juneau Ave. | $ 65,000 | $ (16,250) | $ 48,750 |
| 3282 N. 30th St. | $ 75,000 | $ (18,750) | $ 56,250 |
| 2417 W. Greenfield | $ 45,000 | $ (11,250) | $ 33,750 |
| 3339 W. Juneau | $ 71,000 | $ (17,750) | $ 53,250 |
| 420 N. 29th St. | $ 68,000 | $ (17,000) | $ 51,000 |
| 3919 W. Cherry St. | $ 30,000 | $ (7,500) | $ 22,500 |
| 1537 N. 37th St. | $ 62,000 | $ (15,500) | $ 46,500 |
| 1548 S. 9th St. | $ 60,000 | $ (15,000) | $ 45,000 |
| 2475 W. Keefe | $ 60,000 | $ (15,000) | $ 45,000 |
| 3739 W. Kilbourn | $ 135,000 | $ (33,750) | $ 101,250 |
| 3046 N. 2nd St. | $ 130,000 | $ (32,500) | $ 97,500 |
| 2728 N. 37th St. | $ 150,000 | $ (37,500) | $ 112,500 |
| 1556 W. Mitchell St. | $ 155,000 | $ (38,750) | $ 116,250 |
| 2438 N. 51st St. | $ 55,000 | $ (13,750) | $ 41,250 |
| 3901 N. Port Washington | $ 54,000 | $ (13,500) | $ 40,500 |
| 747 S. 23rd St. | $ 75,000 | $ (18,750) | $ 56,250 |
| 3223 N. 16th St. | $ 56,000 | $ (14,000) | $ 42,000 |
| 2963 N. 36th St. | $ 87,000 | $ (21,750) | $ 65,250 |
| 3920 N. 22nd St. | $ 35,000 | $ (8,750) | $ 26,250 |
| 1970 S. 15th St. | $ 50,000 | $ (12,500) | $ 37,500 |
| 3419 W. Juneau | $ 87,000 | $ (21,750) | $ 65,250 |
| 1729 Linden Ave. | $ 35,000 | $ (8,750) | $ 26,250 |
| 2729 N. 20th | $ 32,000 | $ (8,000) | $ 24,000 |
| 2900 N. 17th | $ 37,000 | $ (9,250) | $ 27,750 |
| 1812 N. 23rd St. | $ 55,000 | $ (13,750) | $ 41,250 |
| 1005 Lone Tree Rd. | $ 621,000 | $ (155,250) | $ 465,750 |
| | | | |
| **Personal Property** | | | |
| Cash and Accounts | $ 3,947 | $ - | $ 3,947 |
| Office furniture and equipmetn | $ 655 | $ (164) | $ 491 |
| Insurance proceeds | $ 60,000 | $ - | $ 60,000 |
| **Total Assets Before Liens and Chapter 11 Expenses** | | | $ 1,924,438 |
| | | | |
| **Liens and Administrative Expenses** | | | |
| Wilmington Savings Fund Society, FSB* | | | $ 1,681,094 |
| Lima One Capital | | | $ 916,073 |
| Home Rehab Lending | | | $ 966,463 |
| Matt Happ | | | $ 100,000 |
| Chapter 11 Administrative Expenses | | | $ 20,000 |
| | | | $ 3,683,630 |

**Assets Availble for Unsecured Creditors Under Liquidation**  $ (1,759,192)

(Does not include any fees for Chapter 7 Trustee or professionals employed by Debtor's Chapter 7 estate.)

[1] Estimated at 25% for forced liquidation.